**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYE ELLEN STILES,<br><br>         Plaintiff - Appellant,<br><br>  v.<br><br>PARAGON REALTY, DBA TPI Vista Montana, LLC; et al.,<br><br>         Defendants - Appellees. | No. 11-15903<br><br>D.C. No. 4:07-cv-00670-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Raye Ellen Stiles appeals pro se from the district court's summary judgment

in her action alleging, among other claims, housing discrimination.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm the district court on any ground supported by the record. *Crowley v. Nevada,* 678 F.3d 730, 733–34 (9th Cir. 2012). We affirm.

Summary judgment on Stiles' claims for intentional infliction of emotional distress, aggravation of preexisting conditions, and public humiliation was proper because she already litigated these claims in Arizona state court, and, thus, res judicata precludes her from bringing such claims in federal court. *See Sunkist Growers v. Fisher*, 104 F.3d 280, 283–84 (9th Cir. 1997) (holding that under Arizona law a litigant may not bring a claim identical to one she has previously litigated).

Summary judgment on Stiles' federal claims and her state law conspiracy claims based on her eviction was also proper because Stiles is collaterally estopped from relitigating the issue of whether her landlord had a valid, non-pretexual motive for evicting her. *See Chaney Bldg. Co. v. Tucson*, 716 P.2d 28, 30 (Ariz. 1986) (discussing the differences between issue and claim preclusion).

Summary judgment on Stiles' claim that defendants failed to repair her apartment out of discriminatory or retaliatory animus in violation of the Federal Housing Act was proper because she failed to raise a material dispute of fact as to whether there was disparate treatment based upon a federally protected ground.

*See Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009); *see also Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986) (plaintiff may not survive summary judgment based on conclusory allegations in complaint).

Stiles' other contentions, including those concerning discovery issues and alleged attorney misconduct, are unpersuasive.

**AFFIRMED.**